UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00227-FDW
(3:11-cr-00403-FDW-2)

| | |
|---|---|
| JAMES POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 on May 6, 2016. [Doc. 1]. The Respondent argues in favor of dismissal of the motion on grounds that it is successive, barred by procedural default, and fails as a matter of law. [Doc. 8]. For the reasons set forth below, the Court dismisses and denies the Motion to Vacate, Set Aside or Correct Sentence.

**I.  PROCEDURAL HISTORY**

Petitioner James Powell ("Petitioner") was charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C § 1951 (count one), Hobbs Act robbery in violation of 18 U.S.C. § 1951 (count two), brandishing a firearm during and in relation to Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(count three), and possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1)(count four) in connection with the robbery of a pawn shop that occurred in Charlotte, North Carolina in June 2011. [CR Doc. 1].[1] Petitioner pleaded guilty on August 30, 2012 to all four counts. [CR Doc. 30]. This Court sentenced Petitioner to concurrent terms of 78

---

[1] Citations to the Petitioner's criminal docket, Case No. 3:11-cr-403 are denoted by the letters "CR" followed by the relevant docket number.

1

months' imprisonment for counts one, two, and four, and a mandatory consecutive term of 84 months' imprisonment for count three. [CR Doc. 55]. Petitioner did not file a Notice of Appeal.

On May 6, 2016, Petitioner filed his § 2255 Motion to Vacate, raising ineffective assistance of counsel with respect to entry of his guilty plea (Ground One), and violation of due process for illegal sentence (Ground Two). [Doc. 1]. The Court noted in its initial review that Petitioner's motion was successive,[2] however, the Fourth Circuit granted Petitioner authorization to file a successive motion to raise his claim pursuant to Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).[3] [Doc. 2; CR Doc. 68]. On July 23, 2016, the Court granted the Respondent's motion to stay pending decisions of the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433 and United States v. Simms, No. 15-4640. The Court lifted the stay on March 16, 2021 and ordered the Respondent to respond to Petitioner's motion. [Doc. 7].

The Respondent filed its response in opposition to the motion to vacate on April 15, 2021. [Doc. 8]. The Respondent argues in favor of dismissal of the § 2255 motion on grounds that it is successive, barred by procedural default, and fails as a matter of law on the merits. [Id.]. Petitioner filed a reply on June 25, 2021 [Doc. 10] and supplemental reply on August 3, 2021 [Doc. 11]. This matter is now ripe for disposition.

---

[2] Petitioner filed a prior § 2255 Motion to Vacate, Correct or Set Aside Sentence on August 29, 2014, which this Court denied and dismissed on November 26, 2014. See [Case 3:14-cv-00483, Docs. 1 and 3].

[3] In Johnson, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), to be unconstitutionally vague and held that the imposition of an enhanced sentence under ACCA's residual clause violated due process. Shortly thereafter, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257, 1265 (2016) that the rule set forth in Johnson was substantive and applied retroactively to cases on collateral review.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a), a prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Section § 2255 is designed to correct fundamental errors which would "inherently result[ ] in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).  In a § 2255 proceeding, the petitioner bears the burden of proving his claims by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate an evidentiary hearing is warranted."  Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003).  The determination of whether to hold an evidentiary hearing is ordinarily left to the sound discretion of the court.  Raines v. United States, 423 F.2d 526, 530-531 (4th Cir. 1970).  Upon review of Petitioner's § 2255 claims and the record, the Court concludes that Petitioner's claims can be resolved without an evidentiary hearing.

### III. DISCUSSION

#### A. Ineffective Assistance Claim (Ground One)

In ground one of his § 2255 motion, Petitioner argues that trial counsel was ineffective because he "was advised to plead straight up and disregard any benefits of a plea deal." [Doc. 1 at 4]. However, this claim is barred as successive and barred by procedural default.

Before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment, he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

The Fourth Circuit granted Petitioner authorization to file a successive § 2255 motion under Johnson. See In re: James Powell, No. 16-398 Doc. 2-1. However, Petitioner's ineffective assistance claim falls outside the scope of the Fourth Circuit's authorization which limited Petitioner to seeking review under Johnson. As such, this Court lacks jurisdiction to consider Petitioner's ineffective assistance claim and this claim shall be dismissed.

Petitioner's ineffective assistance of counsel claim is also barred by procedural default. A § 2255 motion "may not do service for an appeal" and claims that should have been raised at trial or on appeal are procedurally defaulted unless an exception applies. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). To overcome a procedural default, a petitioner must show either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral

4

attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).[4]

Petitioner failed to previously raise his ineffective assistance of counsel claim in his criminal proceeding and on direct appeal and he is therefore precluded from now raising it for the first time in this § 2255 proceeding. Petitioner cannot show the necessary prejudice or actual innocence required to excuse any procedural default, or that a "miscarriage of justice" would result. As such, Petitioner's ineffective assistance claim is barred by procedural default.

### B. Due Process Violation (Ground Two)

In ground two of his § 2255 motion, Petitioner argues that he was sentenced in excess of what the law allows in violation of due process. [Doc. 1 at 5]. However, Petitioner's claim fails as a matter of law. The Supreme Court rulings declaring the residual clause in § 924(c) to be unconstitutionally vague do not undermine Petitioner's sentence. Petitioner's Hobbs Act robbery conviction remains a "crime of violence" under § 924(c) and his conviction and sentence is valid. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). As such, Petitioner's challenge to his conviction and sentence is without merit and his request for § 2255 relief is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses and denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 1].

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required for issuance of a certificate of appealability pursuant to 28 U.S.C.

---

[4] Cause exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). "Actual prejudice" is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must show "actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d at 493.

§ 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)(in order to satisfy §2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition state a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DISMISSED** and **DENIED.**

2. This Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 27, 2021

Frank D. Whitney
United States District Judge